# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID E. WHITLEY, | CASE NO. 1:12-cv-01075-SKO PC |
| Plaintiff, | FIRST SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| CCI CRANMER, et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |
| _____/ | |

### First Screening Order

## I.    Screening Requirement and Standard

Plaintiff David E. Whitley, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 2, 2012.  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

1   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

2   do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic

3   Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to

4   indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)

5   (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal

6   conclusions are not.  Iqbal, 556 U.S. at 678.

7        Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings

8   liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d

9   1113, 1121-23 (9th Cir. 2012); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's

10  claims must be facially plausible to survive screening, which requires sufficient factual detail to

11  allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged,

12  Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969

13  (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere

14  consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678

15  (quotation marks omitted); Moss, 572 F.3d at 969.

16  **II.    Discussion**

17       **A.    Allegations**

18       Plaintiff, who is currently incarcerated at Centinela State Prison, brings this action against

19  Correctional Counselor I Cranmer and Dr. Patel for violation of his rights while he was at Kern

20  Valley State Prison.

21       Plaintiff was placed on ADA (Americans with Disabilities Act) status on February 27, 2008.

22  On April 18, 2012, Plaintiff's status was changed to "not confirmed" by Defendant Patel without any

23  examination, consultation, or notice to Plaintiff, and on April 19, 2012, he was endorsed for transfer

24  to Centinela State Prison, which does not accept inmates who are medically designated as ADA

25  status inmates.  Plaintiff alleges that he was unaware of his status change until he transferred on May

26  21, 2012, and was informed of the change by a receiving nurse.

27  ///

28  ///

Plaintiff alleges that Defendants conspired to alter medical records so they could wrongfully transfer him to Centinela State Prison, and in doing so, they deprived him of the protections to which he is due under the law.

### B.   Due Process Claim

Plaintiff alleges that Defendant Patel's action in removing him from ADA status without a hearing and changing his medical records to reflect the removal, and Defendants Cranmer and Patel's failure to disclose information to Plaintiff violated his right to due process.

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974). Plaintiff does not have a protected liberty interest under the Due Process Clause itself in avoiding changes to his classification status, Wilkinson v. Austin, 545 U.S. 209, 221-22, 125 S.Ct. 2384 (2005), and Plaintiff's complaint contains no facts which support the existence of such a right under state law, Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007). In the absence of a protected interest in his classification status and prison records, there is no entitlement to notice and an opportunity to be heard prior to reclassification and Plaintiff's claim fails as a matter of law. Wilkinson, 545 U.S. at 221.

### C.   Equal Protection Claim

Plaintiff alleges that Defendant Patel's action in removing him from ADA status without a hearing and changing his medical records to reflect the removal, and Defendants Cranmer and Patel's failure to disclose information to Plaintiff violated his right to equal protection.

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). Plaintiff's complaint is devoid of any factual support for a claim that he was intentionally discriminated against and his equal protection claim fails.

### D.   Eighth Amendment Claim

Plaintiff alleges that the changes made to his medical records, which he describes as falsifications, constituted deliberate indifference and evidenced Defendants' failure to protect him. ///

3

The Eighth Amendment protects prisoners from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000). Rather, extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994); Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992). In order to state a claim, a prisoner must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to him. E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Richardson v. Runnels, 594 F.3d 666, 672 (9th Cir. 2010).

There is no factual support for Plaintiff's claim that his Eighth Amendments rights were violated, Farmer, 511 U.S. at 847, and Plaintiff's classification status itself does not fall within the purview of the Eighth Amendment, Myron, 476 F.3d at 719.

**E.      ADA Claim**

Finally, although Plaintiff does not specifically identify the ADA as a basis for relief, his allegations are suggestive of the possibility.

Title II of the Americans with Disabilities Act (ADA) "prohibit[s] discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052.

Plaintiff's complaint does not contain any facts which support a claim for violation of the ADA, and in any event, an ADA claim arising out of inappropriate housing conditions at Centinela State Prison would not lie against Kern Valley State Prison or its staff.

///

///

4

1  **III.    Conclusion and Order**

2          Plaintiff's complaint fails to state a claim upon which relief may be granted under section

3  1983 or the ADA.[1]   The Court will provide Plaintiff with the opportunity to file an amended

4  complaint. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122,

5  1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not

6  change the nature of this suit by adding new, unrelated claims in his amended complaint.  George

7  v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

8          Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what

9  each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556

10  U.S. at 676-77.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a

11  right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

12          Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County,

13  693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference

14  to the prior or superceded pleading," Local Rule 220.

15          Accordingly, it is HEREBY ORDERED that:

16          1.    Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim

17                under section 1983 or the ADA;

18          2.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

19          3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

20                amended complaint; and

21  ///

22  ///

23  ///

24  ///

25  ///

26

27          [1] Although Plaintiff asserts that the Court has supplemental jurisdiction over state law claims, none are pled
    and Plaintiff does not allege compliance with the Government Claims Act, which for tort claims is a prerequisite to
28  filing suit and must be pled.  Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 208-09 (Cal. 2007).

1

4.      If Plaintiff fails to file an amended complaint in compliance with this order, this

2

action will be dismissed, with prejudice, for failure to state a claim under section

3

1983 or the ADA.

4

5

IT IS SO ORDERED.

6

**Dated:** __**March 12, 2013**__                              _____/s/ **Sheila K. Oberto**_____
                                                            UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28