# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID E. WHITLEY, | CASE NO. 1:12-cv-01075-SKO PC |
| Plaintiff, | SECOND SCREENING ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM |
| v. | |
| CCI CRANMER, et al., | (Doc. 8) |
| Defendants. | ORDER THAT DISMISSAL IS SUBJECT TO THREE STRIKES PROVISION UNDER 28 U.S.C. § 1915(G) |

_____/

### Second Screening Order

## I.    Screening Requirement and Standard

Plaintiff David E. Whitley, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 2, 2012.  On March 13, 2013, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim.  Plaintiff filed an amended complaint on April 10, 2013.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121-23 (9th Cir. 2012); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II. Discussion

### A. Allegations

Plaintiff, who is currently incarcerated at Centinela State Prison, brings this action against Correctional Counselor I Cranmer and Dr. Patel for violation of his rights while he was at Kern Valley State Prison.

Plaintiff alleges that Defendant Patel maliciously revoked his ADA (Americans with Disabilities Act) status by changing, or falsifying, his medical records as part of a conspiracy with Defendant Cranmer to transfer Plaintiff. Plaintiff alleges that changing his medical status without an examination violated his due process rights and was in disregard of his rights under the ADA.

After Plaintiff was transferred to Centinela State Prison, he was placed back on partial disability status and then transferred to Lancaster.

2

### B.   Due Process Claim

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). Here, although Plaintiff alleges a due process violation, he does not have a protected liberty interest under the Due Process Clause itself in avoiding changes to his classification status or in remaining at a particular prison, *Wilkinson*, 545 U.S. at 221-22; *Meachum v. Fano*, 427 U.S. 215, 224-25, 96 S.Ct. 2532 (1976), and his amended complaint contains no facts which support the existence of such a right created by prison regulations, *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007).  In the absence of a protected liberty interest, Plaintiff's due process claim fails. *Wilkinson*, 545 U.S. at 221.

### C.   Medical Care Claim

For Eighth Amendment claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." *Wilhelm*, 680 F.3d at 1122 (citing *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)).  Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122.

There is no factual support for a claim that Plaintiff's Eighth Amendments rights were violated with respect to medical care, *Wilhelm*, 680 F.3d at 1122 , and the classification issue alleged here does not fall within the purview of the Eighth Amendment, *Myron*, 476 F.3d at 719.

The Court notes that Plaintiff identified his claim as one for medical negligence, but negligence does not give rise to a claim for relief under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1977); *Snow*, 681 F.3d at 987-88; *Wilhelm*, 680 F.3d at 1122.  To the extent that Plaintiff is attempting to state a claim for negligence under California law, his

allegations do not support such a claim, *Avivi v. Centro Medico Urgente Medical Center*, 159 Cal.App.4th 463, 468, n.2, 71 Cal.Rptr.3d 707, 711 (Cal. Ct. App. 2008), notwithstanding his failure to allege compliance with the Government Claims Act, *Shirk v. Vista Unified Sch. Dist.*, 42 Cal.4th 201, 208-09 (Cal. 2007); *State v. Superior Court of Kings Cnty. (Bodde)*, 32 Cal.4th 1234, 1239 (Cal. 2004), and the lack of supplemental jurisdiction over any such claim in the absence of a viable federal claim, 28 U.S.C. § 1367(a); *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001).

### D.   ADA Claim

Finally, Plaintiff refers to his ADA classification status.  Title II of the Americans with Disabilities Act (ADA) "prohibit[s] discrimination on the basis of disability." *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002).  "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." *Lovell*, 303 F.3d at 1052.  To the extent that Plaintiff is attempting to state a claim for violation of the ADA, his amended complaint is devoid of any facts which would support a claim for relief. *Id.*

### III.   Conclusion and Order

Plaintiff's amended complaint fails to state a claim upon which relief may be granted. Plaintiff was previously provided with notice of the deficiencies in his claims and an opportunity to amend, but he was unable to cure the deficiencies and further leave to amend is not warranted. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, based on the foregoing, this action is HEREBY DISMISSED, with prejudice, for failure to state a claim upon which relief may be granted.  This dismissal is subject to the "three-

///

///

///

///

strikes" provision set forth  in 28 U.S.C. § 1915(g).  *Silva v. Di Vittorio*, 658 F.3d 1090, 1098-99 (9th Cir. 2011).

IT IS SO ORDERED.

**Dated:   May 3, 2013**                                    _____/s/ Sheila K. Oberto_____
                                                                          UNITED STATES MAGISTRATE JUDGE